ADOLPH P. HUBSCHMIDT, PROSECUTOR, v. BOROUGH OF
GLEN ROCK, DEFENDANT.

Submitted May 23, 1925—Decided June 1, 1925.

**Municipalities—Ordinances—Reorganization of Fire Department
—Salaries of Employes Probably Current Expenses—Court
Will Not Set Aside an Entire Ordinance if an Illegal Pro-
vision is Separable—Fixing of Salaries by Resolution, May
or May Not be Against Article 13, Section 1 of Home Rule
Act.**

On rule to show cause why writ of *certiorari* should not
issue.

Before Justice PARKER, at chambers.

For the prosecutor, *Charles J. McCarthy.*

For the defendant, *Mackay & Mackay.*

Memorandum for information of counsel.

The attack is upon an ordinance of the borough which
undertakes to reorganize the local fire department. A volun-
teer department was created under an ordinance adopted in
1912 and amended in 1916. The attack upon the present
ordinance, passed in September, 1924, is twofold—first, that
it "authorizes the incurring of indebtedness for salaries, pen-
sions and repairs to equipment, and is within the provisons
of section 24 of article 37 of the Home Rule act (*Pamph. L.*
1917, *p.* 461), and, hence, is inoperative without a referendum
election, a protest of ten per cent. of taxpayers having been
made.

Secondly, that it undertakes, in section 19, to permit the
salaries of officers and members of the department to be fixed
by resolution, contrary to section 1 of article 13 of the same
act. *Pamph. L.* 1917, *p.* 350.

As to the first proposition, there are, I think, several answers:

(a) I incline to think salaries of employes are "current expenses" within the meaning of the exception on page 461.

(b) But if I am wrong about that, the court will not set aside an entire ordinance if a provision in it deemed illegal is separable. *Cliffside Park Case*, 96 *N. J. L.* 278; *Neumann v. Hoboken*, 82 *Id.* 275, and cases cited.

(c) In any event under the statute the ordinance would be simply "inoperative" unless voted on and adopted by the electors within the statutory time. But that fact would not call upon the court to set it aside.

I prefer, however, to rest upon the broad ground that salaries are within the term "current expenses" (*C. J.* 408, § 17), and, therfore, within the exception of section 24. The same as to repairs. As to pensions, the attack seems premature.

As to the second point, the fixing of salaries by resolution, this may or may not be well taken. Without deciding the matter, I incline to think it is well taken. See § 1, *art.* 13, *supra*. The act of 1921, chapter 318, seems plainly inapplicable. But it is sufficient for present purposes to say that the ordinance under examination merely provides in section 19 that "the borough council may compensate the officers and members of the fire department *as it may resolve.*" It will be time enough to decide on the efficacy of any such contemplated resolution when it shall have been passed and brought up before the court for review. It may well be that council will fix the salaries by ordinance.

The other reasons do not seem to be argued specifically, but what has been said above is sufficient to dispose of them.

The rule to show cause is discharged, with costs.